GEORGE FREESE'S SONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24758.   Promulgated November 30, 1929.

*J. B. Grice, C. P. A.*, for the petitioner.
*H. L. Jones, Esq.*, for the respondent.

OPINION.

STERNHAGEN: By the Revenue Act of 1921, section 240, corporations, if affiliated, were permitted to elect to file either separate or consolidated returns. The election was binding until permission to change was granted by the Commissioner. Even if affiliated,

petitioner as a matter of law elected to file separate returns for 1922 and 1923, by which it is bound, notwithstanding that the directors were not conscious of their right to file consolidated returns or of the wisdom of so doing. *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120, affirming 28 Fed. (2d) 81; *Radiant Glass Co.*, 16 B. T. A. 610.

Since petitioner's voluntary filing of a separate return was a binding election establishing finally the basis on which its statutory liability was fixed for the year in question, there is nothing in the statute authorizing a change in such liability after it has thus become fixed. The discretion of the respondent to permit a change in the basis to be used consistently in the future neither expressly nor, we think, impliedly includes a discretion to change the tax once properly established by retroactively permitting an amended return. This would go beyond the necessities of administration and is not within the fair intendment of the statute giving the Commissioner power to prescribe regulations, nor of the regulations so prescribed. Regulations 62, article 632. Thus the letters of the Deputy Commissioner and of the Assistant to the Commissioner purporting to assure petitioner that amended returns on a consolidated basis would be accepted can have no weight against respondent's proper determination of a deficiency upon the basis of the separate return which petitioner elected to file.

*Judgment will be entered for the respondent.*