BROWNSVILLE ICE & STORAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28897.   Promulgated December 6, 1929.

*John C. Hayes, Esq.,* for the petitioner.
*H. Leroy Jones, Esq.,* for the respondent.

440

OPINION.

ARUNDELL: The only issue before us for decision is whether the respondent erred in refusing to determine the petitioner's income-

tax liability in 1923 on the basis of a consolidated return. All other assignments of error were abandoned by the petitioner at the hearing.

The petitioner contends that it was not affiliated with the Brownsville Brewing Co. in 1922, and accordingly, the filing of a separate return in that year does not preclude it from filing a consolidated return for the year 1923, during which it was affiliated. The respondent, on the other hand, contends that it was affiliated in 1922, and since the petitioner elected to have its tax liability for that year determined on the basis of a separate return, the same basis must be used for the taxable year.

The question to be determined is whether or not an ownership by the same persons in substantially equal proportions of approximately 92 per cent of the voting stock of the two domestic corporations, without any control by such persons over the remaining stock, serves to create an affiliated status for such corporations within the meaning of the statute and to require them to file consolidated returns.

Section 240 (c) of the Revenue Act of 1921 provides that domestic corporations shall be deemed to be affiliated " if substantially all the stock of two or more corporations is owned or controlled by the same interests." There can be no doubt that the persons who held stock in both corporations constituted the " same interests " referred to in the statute.

Whether the same interests own or control substantially all of the stock of two or more corporations depends upon the peculiar facts of the case under consideration. " ' Substantially all the stock ' is a lax, indefinite expression. * * *. Its limitations cannot be defined with exactness or certainty." *Great Lakes Hotel Co.* v. *Commissioner*, 30 Fed. (2d) 1, reversing 10 B. T. A. 120. To the same effect are *Commissioner* v. *Adolph Hirsch & Co.*, 30 Fed. (2d) 645, and numerous cases of this Board.

Here, about 92 per cent of the voting stock of both corporations was held by 24 stockholders in substantially the same proportions. In only one instance was the percentage greater than about 1 per cent. In that one particular, the difference was only about 4 per cent. None of the remaining 10 stockholders of the petitioner held more than about 1.75 per cent of its outstanding stock. Most of such stockholders had less than 1 per cent. The remaining stock of the Brownsville Brewing Co. was held by 14 persons in proportions ranging from about .08 per cent to approximately 2.5 per cent. The close relationship between the corporations is illustrated by the fact that the Brownsville Brewing Co. allowed the use by petitioner of its office, heating and refrigerating plants, and trackage, without charge.

In our opinion in 1922 substantially all of the stock of the petitioner and the Brownsville Brewing Co. was owned by the same interests. It necessarily follows that the corporations were affiliated.

See *H. B. Smith Machine Co.*, 7 B. T. A. 525; *All America Cables, Inc.*, 10 B. T. A. 213; *Peavey-Byrnes Lumber Co. et al.*, 14 B. T. A. 625; *Good Manufacturing Co.*, 15 B. T. A. 583.

Section 240(a) of the taxing act provides that affiliated corporations may for any year beginning on or after January 1, 1922, file separate returns or a consolidated return and after making an election " all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner." The petitioner filed a separate return for the year 1922 and a consolidated return for the taxable year. No evidence was offered to show that the respondent ever authorized a change in the basis for reporting income. The filing of a separate return for the year 1922 constituted an election under the statute and the respondent did not err in declining to determine the petitioner's taxes for 1923 on the basis of a consolidated return. *Belvidere Lumber Co.*, 6 B. T. A. 84; *Geneva Theatres, Inc.*, 15 B. T. A. 1073; and *Alameda Investment Co.* v. *McLaughlin*, 28 Fed. (2d) 81; affd., 33 Fed. (2d) 120.

*Decision will be entered for the respondent.*