BAIRD MACHINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21459.   Promulgated April 30, 1930.

*Albert Mannheimer, Esq.*, for the petitioner.

*John D. Foley, Esq.*, and *Lloyd W. Creason, Esq.*, for the respondent.

OPINION.

Love: The petitioner's first assignment of error does not appear to be supported by either the facts or the law. The petitioner asserts in its pleadings that " no reason has been given in writing for the assessment of the additional tax in controversy; " but the Commissioner accompanied his deficiency notice with a statement (an alleged copy of which is included in the petition) in which it is said that " the revenue agent's reports dated March 24, 1926, and June 7, 1926,

have been examined and the report of June 7, 1926, showing the above tax liability has been accepted as rendered." The Board has recognized the right of both the petitioner and the respondent to move for more specific allegations in their respective pleadings, and no motion to that effect was made by petitioner.

If there be no deficiency, or if the deficiency asserted by the Commissioner is not correct in amount, the petitioner may show such a situation, but the burden rests upon it to prove to this Board the correct amount of the deficiency, or that there is none. In ordinary cases this may be done wholly independent of, and without regard to, the processes or computations through which the Commissioner arrived at his determination, as well as by breaking down the contention of the Commissioner, if his bases or methods of computation are disclosed and challenged. In the absence of such proof, the computation of the Commissioner will be sustained. See Rule 30 of the Board's rules of practice. The Board will not sustain this petitioner in its contention here; there is no real issue.

Petitioner's second allegation of error is founded upon its assertion that it is entitled to affiliation in 1923 with the Portland Foundry Co., and that it should be required to file a consolidated return for that year.

The Revenue Act of 1921, under which these returns were filed, provides in section 240:

(a) That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

\* \* \* \* \* \* \*

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

This issue concerning the right of affiliation in 1923 resolves itself into two considerations under the above provisions of the law:

First: Was the petitioner entitled to file a consolidated return for 1922?

Second: If it were so entitled, and notwithstanding, filed separate returns, with full knowledge of its right to file consolidated return, must it be held to have made an election at that time that would thereafter prevent it from filing consolidated returns unless permission to change the basis is granted by the Commissioner?

The testimony of the sole witness, B. J. Calkins, assistant secretary and accountant of the Baird Machine Co., who had been connected with it for about 25 years, varies slightly but not materially from the documentary evidence introduced.

Only the common stock of the Portland Foundry Co. was entitled to vote. Calkins testified that in the period under review the total amount of common stock issued and outstanding was 2,093 shares. According to the certificates actually issued and the corresponding stubs in the certificate book from which they were detached, we find the number of shares on August 3, 1920, to have been 2,087, of which 1,794 were held by Charles L. Warner as agent or trustee for the Baird Machine Co.; 210 by Horace C. Finkle; and 83 by Burton J. Calkins.

On various dates between August 4, 1920, and December 31, 1920, 87 shares were transferred from the 1,794 shares held by Warner as above; 3 shares to Finkle, 3 shares to Calkins, and 81 shares in all to twelve other persons, each of whom was, according to the witness, an official of the Baird Machine Co., a friend, or an employee.

Thus, on December 31, 1920, the voting stock of the Portland Foundry Co. was held as follows:

| | Shares | Per cent |
|---|---|---|
| Baird Machine Co. (Charles L. Warner, as trustee) | 1,707 | 81.7 |
| Horace C. Finkle (Baird Machine Co. employee and officer of Portland Foundry Co.) | 213 | 10.2 |
| Burton J. Calkins (officer of Baird Machine Co. and of Portland Foundry Co.) | 86 | 4.1 |
| Eleven other persons (officials and employees of Baird Machine Co. and their friends) | 81 | 4.0 |
| Total outstanding common (voting) stock | 2,087 | 00 0 |

In the earlier appeal of the Baird Machine Co., decided October 28, 1925 (see 2 B. T. A. 1089), we found that that company in the year 1920 owned directly or controlled through closely affiliated interests substantially all the stock of the Portland Foundry Co., and that the two companies were affiliated. Counsel for petitioner urges that the Portland Foundry Co. here under consideration is a Maine corporation, and that the one considered in the earlier decision was incorporated in Connecticut; but it can not be that the latter corporation only was considered in that opinion. The Maine corporation came into existence on or before August 3, 1920, and we quote from our findings of fact in the earlier case that "Finkel's stock was *at all times* during the years 1919 and 1920, in the possession of the [Baird] Machine Company and held by it as collateral security, as above recited, and was voted by the Machine Company until it was purchased from Finkel *in the year 1923* * * *." (Italics supplied.) From this it is evident that we were then considering the circumstances in connection with the *Maine* corporation as the suc-

cessor of the *Connecticut* corporation which, upon the admission of counsel, was dissolved in 1920.

During the period from December 31, 1920, to January 1, 1923, there was only one transfer of stock; that occurring on January 28, 1921, when three shares were transferred from Charles L. Warner, as agent or trustee for the Baird Machine Co., to Leon A. Warner, presumably a relative of Charles L. Warner, so that at all times from January 28, 1921, to December 31, 1922, the ownership of the stock of the Portland Foundry Co. was as follows:

| | Shares |
|---|---|
| Baird Machine Co | 1,704 |
| Horace C. Finkle | 213 |
| Burton J. Calkins | 86 |
| Twelve other persons | 84 |
| Total | 2,087 |

Within a negligible fraction of one per cent, the percentages of ownership remained the same as at December 31, 1920. During both of the years 1921 and 1922 the Baird Machine Company owned or controlled through closely affiliated interests 96 per cent of the stock of the Portland Foundry Co., and since it was not shown nor contended that there had been any change in the business relations, management, or method of operation, we hold that in 1921 and 1922 they were affiliated corporations, as they were in 1920.

In 1922 petitioner had the option to file separate returns for each corporation or a consolidated return for both of them, irrespective of its practice in earlier years. It elected to file separate returns for that year and since permission to change the basis was not granted by the Commissioner, we hold that petitioner is bound by that election to file separate returns for 1923, even though on January 1, 1923, or shortly thereafter, it came into actual possession of all of the stock of the Portland Foundry Co. *Radiant Glass Co.*, 16 B. T. A. 610; *Harbour-Longmire Co.*, 18 B. T. A. 33; *George Freese's Sons*, 18 B. T. A. 416; *Brownsville Ice & Storage Co.*, 18 B. T. A. 439; *Woodside Cotton Mills Co.*, 13 B. T. A. 266; *Jacob F. Brown*, 9 B. T. A. 521, 18 B. T. A. 859. Also see *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120.

Reviewed by the Board.

*Judgment will be entered for the respondent.*