A. S. SIRACUSA SONS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50109.   Promulgated May 5, 1931.

*Arthur N. Presmont, Esq.*, for the petitioner.

*J. M. Leinenkugel, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

OPINION.

ARUNDELL: In this proceeding for a redetermination of a proposed deficiency of $2,512.58 in income tax for 1927, the petitioner alleges as error the refusal of the respondent to compute its tax liability on the basis of a consolidated return. The case was submitted on the pleadings, from which it appears that the petitioner, a New Jersey corporation organized August 13, 1926, on or about August 26, 1926, acquired all of the stock of the Atlantic Amortization Mortgage Company with the exception of four shares necessary to qualify directors; that the petitioner filed a separate return for the last four months of 1926; that the Atlantic Amortization Mortgage Company filed separate returns for the fiscal years ended March 31, 1926, and March 31, 1927; that petitioner filed a consolidated return for the calendar year 1927 and included therein the operations of the Atlantic Amortization Mortgage Company for the period April 1, 1927, to December 31, 1927, and that the two corporations were affiliated from August 26, 1926, to December 31, 1926,

and during the calendar year 1927. The respondent computed the tax liability of petitioner for 1927 on the basis of a separate return, inasmuch as he had not granted permission for the filing of a consolidated return.

The courts and this Board have held that when affiliated corporations elect to file separate returns, consolidated returns may not be filed for succeeding years without the approval of the Commissioner. *Brownsville Ice & Storage Co.*, 18 B. T. A. 439; *Baird Machine Co.*, 19 B. T. A. 801; *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120; *Lucas* v. *St. Louis National Baseball Club*, 42 Fed. (2d) 984; certiorari denied, 282 U. S. 883. These cases control the issue here unless it can be said that the last four months of 1926 do not constitute a taxable year for the purpose of an election under the 1926 Act. This question was squarely before the court in *Lucas* v. *St. Louis National Baseball Club, supra.* In that case the court, reversing 15 B. T. A. 1192, held that where corporations file separate returns for the period in 1922 during which they were affiliated, they may not file a consolidated return for 1923 without the approval of the Commissioner, the short period in 1922 being a taxable year for the purpose of electing whether to file separate returns or a consolidated return. See also *Fidelity National Bank & Trust Co.* v. *Commissioner*, 39 Fed. (2d) 58, and *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436. Whatever doubt there may have been under the 1921 Act as to the meaning of the term " taxable year " has been removed for years commencing with 1924. In section 200 of the 1924 and 1926 Acts it is provided that " The term ' taxable year ' includes, in the case of a return made for a fractional part of a year under this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which the return is made." We think the short period in 1926 constitutes a taxable year for the purpose of electing the character of return to file. The respondent's refusal to determine petitioner's tax liability for 1927 on the basis of a consolidated return is approved.

*Decision will be entered for the respondent.*