CAVANAUGH BROTHERS GARAGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41392. Promulgated March 21, 1932.

*John R. McLane, Esq.*, for the petitioner.
*O. W. Swecker, Esq.*, for the respondent.

OPINION.

SMITH: With exceptions not material to our determination, Title II—Income Tax, of the Revenue Act of 1926 took effect as of January 1, 1925 (sections 286 and 1200). Consolidated returns of corporations are provided for in section 240, under Title II of that act. Subdivision (a) of section 240 is as follows:

Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

The term " taxable year " is defined in section 200 (a) as follows:

The term " taxable year " means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. The term " fiscal year " means an accounting period of twelve months ending on the last day of any month other than December. The term " taxable year " includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1925, shall be the calendar year 1925 or any fiscal year ending during the calendar year 1925.

There is no dispute as to the petitioner's change from a fiscal year to a calendar year basis, resulting in the filing of a return for the nine-month period ended December 31, 1926. The respondent contends that petitioner, having filed a separate return for the fiscal year ended March 31, 1926, thereby made its election and was thereafter required to file separate returns until permission was granted to file consolidated returns. See article 63, Regulations 69.

The petitioner's " first taxable year " within the purview of the statute was its fiscal year ended March 31, 1925, for which it filed a separate return. It thereby made an election which it followed in filing a separate return for the fiscal year ended March 31, 1926. Thus, for two taxable years after the effective date of the pertinent provisions of the Revenue Act of 1926, separate returns were filed

even though petitioner was affiliated with another corporation during these years. The petitioner having made its election to file separate returns, and no permission having been procured to change the basis for filing, the return for the period in controversy, a "taxable year," should have been "upon the same basis." The respondent's determination upon the basis of separate returns is sustained. *A. S. Siracusa Sons, Inc.*, 23 B. T. A. 53; *Hennepin Holding Co.*, 23 B. T. A. 119; *Lucas* v. *St. Louis National Baseball Club*, 42 Fed. (2d) 984; certiorari denied, 282 U. S. 883.

*Judgment will be entered for the respondent.*