*1036 OPINION.
Seawell :
The contention of the Commissioner is that since Holed-Tite Packing, Inc., a corporation affiliated with the petitioner within the meaning of section 240 (d) of the Revenue Act of 1926, filed a separate return for the fiscal year ended July 31, 1927, which was within the first year of the affiliated status, such action constitutes an election to file separate returns and therefore both corporations must file separate returns for 1927 and subsequent years unless permission to change is granted by the Commissioner. On the other hand, the petitioner contends that the two corporations intended and desired to file on a consolidated basis for 1927 and that their acts must be construed as having accomplished that purpose, or at least that their acts should not be considered as an election to file their returns on a separate basis. The controlling provision of the statute is section 240 (a), which reads as follows:
Corporations wbicb are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.
We think it clear and well established that the two corporations had the right under the foregoing provision to elect the basis upon which they would file returns for 1927, that is, whether on a separate or a consolidated basis, and that if they had desired to file on the latter basis the proper course would have been for Holed-Tite Packing, Inc., to have filed a return for the remaining five months of its fiscal year in the calendar year 1926 when it was not affiliated with the petitioner and then for the two corporations to have filed a consolidated return for the calendar year 1927 in which would have been included the income and deductions of both corporations for the entire year. Lucas v. St. Louis National Baseball Club, 42 Fed. (2d) 984; certiorari denied, 282 U. S. 883; Duke Power Co. v. Commissioner, 44 Fed. (2d) 543; Automatic Fire Alarm Co., 13 B. T. A. 1195; B. B. Bathing Park, Inc., 17 B. T. A. 748; and Apartment Corporation, 17 B. T. A. 876. See also article 634 of Regulations 69.
*1037 It is obvious, however, that the parties did not proceed in the manner indicated above, but, on the contrary, in a manner which makes necessary the conclusion that a return on a consolidated basis may not be permitted for the year ended December 31, 1927. While it may be true, and this is conceded by the Commissioner, that what the two corporations desired and intended was that the two corporations should report their income on a consolidated basis, we can not determine tax liability on the basis of desires and intentions; we must proceed on the basis of what was actually done, and a given taxpayer must be held to the consequences of its own acts. The statute specifically provides that, “ If return is made on either of such bases [that is, separate or consolidated], all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.” And when we come to consider the returns filed by the corporations for the year in question (1927), we find that Holed-Tite Packing, Inc., filed a separate return for the fiscal year ended July 31, 1927, which was the first return filed during the period of affiliation. When one member of an affiliated group files a separate return, the remainder of the group must likewise file separate returns. Duke Power Co. v. Commissioner, supra, and Apartment Corporation, supra. It therefore follows that at least for the period from January 1, 1927, to July 31, 1927, the petitioner would not have been permitted to file a consolidated return. However, even after that date we do not find that the corporations sought permission to change from a separate to a consolidated basis for the remainder of 1927, but rather for permission for a change in the accounting period of Holed-Tite Packing, Inc., in order that that corporation might file a separate return for the five-month period ended December 31, 1927, which would place it on the same accounting-period basis as the petitioner, namely, a calendar year. The permission requested was granted, but instead of following the course of procedure for which such permission was granted, a so-called consolidated return was filed for the calendar year 1927, which included the income of the petitioner for the entire year and that of Holed-Tite Packing, Inc., for the last five months of the year. Whatever may have been the effect of the granting of permission in so far as years subsequent to 1927 are concerned, we are of the opinion that it could not be interpreted as permitting the filing of a consolidated return for 1927, and since a separate return was filed by Holed-Tite Packing, Inc., for the fiscal year ended July 31, 1927, a consolidated return of the two corporations for the calendar year ended December 31, 1927, may not be permitted.

Judgment will he entered for the respondent.