DR. PEPPER BOTTLING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43169. Promulgated April 29, 1932.

*M. P. Wormhoudt, Esq.*, and *H. C. Anderson, C. P. A.*, for the petitioner.

*C. A. Ray, Esq.*, for the respondent.

## OPINION.

MARQUETTE: There is no dispute concerning the affiliation of the Dr. Pepper Company, the parent corporation, with petitioner and the Circle "A" Ginger Ale Company, as subsidiaries, throughout the year 1926. The only question is whether the filing of a separate income-tax return by the parent company after the affiliation took place precluded the petitioner from the privileges of a consolidated return without permission of the Commissioner of Internal Revenue.

When the Dr. Pepper Company filed its separate return in 1926 its accounting basis was the fiscal year ending June 30, but petitioner was upon the calendar year accounting basis. After filing its separate return the Dr. Pepper Company, in November, 1926, received permission to change from the fiscal year to the calendar year basis for accounting. Neither the parent company nor either of the affiliates requested or received permission from respondent to file consolidated returns. However, in March, 1927, the three corporations filed a consolidated return which covered the entire year 1926 for the subsidiaries, and the last six months of that year for the parent company. It is contended that that return should be considered as the first one exercising an election by petitioner. The respondent's view is that the filing of a separate return by the parent company during the first year of the affiliation constituted an election binding its subsidiaries to file separate returns unless permission to change is granted.

The question is controlled by section 240(a) of the Revenue Act of 1926, reading as follows:

Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under the regulations prescribed by the Commissioner, with the approval of the Secretary, make a consolidated

return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

There is no doubt that under the above statute the petitioner and affiliates had the right to choose freely whether they would file separate or consolidated returns. It is also clear that when a return is filed upon either basis after affiliation has taken place, the right to elect has been completely exercised and exhausted and the choice so made can not be abandoned without permission. Such has been our holding repeatedly. *Harbour-Longmire Co.*, 18 B. T. A. 33; *George Freese's Sons*, 18 B. T. A. 416; *Ohio Mining Co.*, 20 B. T. A. 1062; *Patent Royalties Corporation*, 25 B. T. A. 1032. The same view is upheld in *Lucas* v. *St. Louis National Baseball Club*, 42 Fed. (2d) 984.

The first opportunity to exercise a choice under the statute above cited came with the close of the fiscal year, on June 30, 1926, of the Dr. Pepper Company. Arrangements for synchronizing the accounting periods of all the companies and for filing consolidated returns might readily have been made, but nothing of the sort was done until after the parent company had filed its separate return in September, 1926. The filing of that return, in our opinion, operated as the exercise of the right of choice between two bases and precluded the use thereafter of consolidated returns except by permission. Such permission was never sought by the corporations involved. And the situation is not cured by the fact that the corporations desired and intended to report upon a consolidated basis. As was said in *Patent Royalties Corporation, supra:*

We can not determine tax liabilities on the basis of desires and intentions; we must proceed upon the basis of what was actually done, and a given taxpayer must be held to the consequences of its own acts.

Petitioner urges that filing the separate return by the parent company can not be considered an election, under the statute, by the entire affiliated group. It is not necessary that all affiliates unite in choosing the method of reporting income in order to make the choice binding on all. If one member of the group elects to file a separate return, as was done here, the others are thereby precluded from filing consolidated returns. The theory of affiliation of corporations is based upon the idea of a single business unit, and that single unit idea in turn requires that all affiliates must report their incomes and deductions in like manner, that is, either separately or jointly, but

not separately and jointly. And the binding force of the choice is stronger, if possible, when the choice is made by the parent concern. Cf. *Duke Power Co.* v. *Commissioner*, 44 Fed. (2d) 543; *B. B. Bathing Park, Inc.*, 17 B. T. A. 748; *Apartment Corporation*, 17 B. T. A. 876; *Patent Royalties Corporation, supra.*

Petitioner further contends that the statute provides for a genuine election between consolidated and separate returns; that in order to have a valid election the act must be done with full knowledge of the circumstances, and that what the taxpayer really intended to do is the controlling factor. In support of that argument reliance is placed upon *Dexter Sulphite Pulp & Paper Co.*, 23 B. T. A. 227. In that case three corporations were involved, the ownership of two of them being involved in litigation during the taxable years. During the litigation two of the companies filed no returns, while the third filed separate returns, reporting only such income as was not involved in the litigation, and advising the Commissioner of the peculiar conditions existing. Under those circumstances we held that the filing of a separate return by one company did not constitute the exercise of the option provided by the statute. We based that decision upon the ground that, until the litigation was terminated, it was impossible to determine the fact of affiliation, and hence was impossible to determine whether or not the companies were entitled to make any choice under the statute.

We think it quite clear that that decision is not applicable here. It is definitely distinguished from the present proceeding upon the facts. There, it was impossible to determine whether the right of choice existed; here, the right to choose was known to exist, but the taxpayers followed a procedure which did not produce the result they desired. The right to intelligent freedom of choice is one thing; the method used to express that choice is another, and the two must not be confused. And while a taxpayer's intention does have a bearing upon the matter of choice, yet, if he definitely and without explanation follows one method of filing his return, he can not be heard to say that he has made no choice because the result produced was not what he wanted. Cf. *Cavanaugh Brothers Garage*, 25 B. T. A. 935, and cases above cited.

We find no error in respondent's determination that petitioner was not entitled to the benefits of a consolidated return for the year 1926. The income tax for that year should be recomputed, however, and petitioner's taxable income reduced by the amount of $7,271, pursuant to stipulation of parties.

*Decision will be entered under Rule 50.*