MARVEL EQUIPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47841.   Promulgated June 27, 1932.

*Frank J. Albus, Esq.*, for the petitioner.
*Chester A. Gwinn, Esq.*, for the respondent.

OPINION.

Van Fossan: The issue in this proceeding is whether the petitioner and three other corporations affiliated with it as stated in the findings of fact were entitled to have their income-tax liability for the taxable year 1927 computed on a consolidated basis.

The applicable statute is section 240 (a) of the Revenue Act of 1926, which reads as follows:

Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

During the taxable year 1926 the Guarantee Liquid Measure Company owned all of the capital stock of the petitioner, having acquired it in the year 1925. During 1925 and 1926 the two corporations were affiliated. For each of these years each corporation filed a separate income-tax return. Therefore, they exercised their right to elect between filing a consolidated return and filing separate returns and, pursuant to the provisions of the above-quoted section of the Revenue Act of 1926, could not file a consolidated return for 1927 without the permission of the Commissioner. The petitioner contends, however, that in 1927 a new affiliated group was created, consisting of the Fry Equipment Corporation, the Fry Sales Corporation, the Guarantee Liquid Measure Company and the petitioner, which corporations were affiliated during the taxable year; that on October 1, 1927, the Fry Equipment Corporation became the " parent " of this new group by its acquisition of all of the capital stock of the Fry Sales Corporation and by the acquisition of all of the capital stock of the Guarantee Liquid Measure Company, which latter company owned all of the capital stock of the petitioner; and that consequently the new parent corporation had the right to elect to file a consolidated return on behalf of the alleged new group for the year 1927.

The courts and the Board have held, in effect, that the addition of one or more corporations to an affiliated group does not create a new tax-computing group and does not give rise to a new right of election. *Harbour-Longmire Co.*, 18 B. T. A. 33; *B. Mifflin Hood Brick Co. et al.*, 19 B. T. A. 785; *Imperial Assurance Co.*, 19 B. T. A. 1068; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365.

It is true that in the cited cases the " parent " corporation continued to be the same, while the facts in the present proceeding dis·

close that in October of the taxable year in question the Fry Equipment Corporation acquired all of the capital stock both of the Fry Sales Corporation and of the Guarantee Liquid Measure Company, which last named corporation owned all of the petitioner's stock. This distinction is not controlling. *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436. The relations between the Guarantee Liquid Measure Company and the petitioner remained the same at the time of the acquisition of the former corporation's capital stock by the Fry Equipment Company and, so far as the evidence discloses, this relationship continued throughout the taxable year.

The fundamental question, however, is whether or not there was an affiliated group during the year 1926 which continued throughout the year 1927. Under the cited decisions that question must be decided in the affirmative. The original affiliated group, although enlarged by additions, still continued during the taxable year. Therefore, notwithstanding that late in the taxable year one of the added corporations acquired all of the capital stock of two others of the group, the group was not changed, nor does such acquisition of capital stock modify the legal effect of the action of the two original members of the group in exercising the right of election conferred by the statute by filing separate returns for the taxable year 1926. The corporations composing the original group, which included petitioner, were bound by that election and their right of election under the statute without permission of the Commissioner was extinguished. It follows that under the provisions of section 240 (a) of the Revenue Act of 1926 the four corporations hereinbefore named were not entitled to have their tax liability for the year 1927 computed on a consolidated basis.

In reaching this conclusion we have not overlooked the decision of the Circuit Court of Appeals for the Third Circuit in *Stonega Coal & Coke Co.* v. *Commissioner*, 57 Fed. (2d) 1030. In the present case the facts do not reveal the relative size of the corporations added to the original group, and for that reason it can not be said that the reasoning of the court in the *Stonega* case would lead to a different result from that announced above. Moreover, we are unable to find in the phraseology of section 240 (a) of the Revenue Act of 1926 an indication that it was the intention of Congress to make the right of a new election dependent upon the " size " of the additions to an affiliated group.

Since it appears that the consolidated return for the year 1927 was filed without the permission of the Commissioner, he did not err by rejecting it.

*Decision will be entered for the respondent.*