ALABAMA MINERAL LAND COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 56960, 69007. Promulgated June 29, 1933.

*Geo. E. H. Goodner, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

## OPINION.

LANSDON: Petitioner's first contention is that it is entitled to reduce its tax liability for the years 1928 and 1929 by carrying forward a net loss of $16,430.52 or more sustained in 1927. The facts disclose that the computation of the petitioner's tax liability settled under the provisions of section 606 of the Revenue Act of 1928 included the allowance of an operating loss in the amount of $16,430.52. In his computation of petitioner's tax liability for 1928, the respondent reviewed the operations that resulted in such alleged loss in 1927 and determined that, in fact, the petitioner realized a profit from sales in that year and so has denied any net loss deductions for 1928 and 1929 resulting therefrom. On this issue the petitioner contends first that its tax liability for 1927 has been closed by a " 606 agreement " and the respondent cannot reopen that year for any purpose and, second, that if we hold to the contrary, it is entitled now to adduce evidence that it did sustain the loss in question or one greater in amount in 1927. The first point pleaded by petitioner has been decided adversely to its contention in *W. C. Mitchell & Co.*, 27 B.T.A. 645. This same report, however, sustains the petitioner in his claim that it may now introduce evidence to show that a net loss was sustained in 1927. Such evidence is in the record and will be considered along with the facts relating to the deficiencies asserted for 1928 and 1929.

The principal question relates to the fair market value at March 1, 1913, of the standing timber and cut-over lands which were sold in 1927, 1928, and 1929. The petitioner reported gain or loss from such sales on the basis of a fair market value of the lands of $5 per

acre and of $5 per 1,000 feet for the standing timber on the basic date. The respondent has computed the deficiencies in the taxable years and redetermined the results of the sale in 1927 on a basis much lower than the 1913 values claimed by the petitioner. The evidence adduced by the petitioner in support of its reported values consisted of the testimony of a number of witnesses. All are well acquainted with the land and timber here involved and are familiar with values and sale prices of comparable properties in the same locality in 1913. Without exception such witnesses testified to the value contended for by the petitioner. The respondent offered no rebuttal evidence and failed to weaken the testimony of petitioner's witnesses by cross-examination or otherwise. In our opinion the petitioner has proved that the lands and standing timber in question had a fair market value at March 1, 1913, of $5 per acre and $5 per 1,000 feet, respectively. Recomputation under Rule 50 on the basis of such values will redetermine the amount of the net loss sustained in 1927, which may be carried forward in the determination of petitioner's tax liability for each of the two succeeding years. The deficiencies asserted for 1928 and 1929 will be recomputed under Rule 50 in accordance with our conclusion above.

The evidence supports the petitioner's contention that it should be allowed to deduct from its income in the years 1928 and 1929 the amounts of $10,196 and $10,000, respectively, as losses sustained by embezzlement in such years. The embezzler left no property subject to the claims of the petitioner. The peculations were not discovered and claimed within the period specified in the first insurance policy. The second policy expressly provided that the underwriter would not be liable for any defalcation that occurred before the date of its execution, which was some time in 1931. The petitioner is entitled to deduct the losses from embezzlement as claimed in its amended petition. Article 342, Regulations 74; *Peterson Linotyping Co.*, 10 B.T.A. 542.

As a trader in timber and timber lands, the petitioner kept a number of woodsmen and timber cruisers on its pay rolls at all times. The wages of such employees constitute an ordinary and necessary expense of its business. The amount of $2,320.68 paid to woodsmen and cruisers in the year 1927 is deductible from income in that year. The fact that a part of the expense was incurred in cruising timber that was afterwards sold in no wise affects the nature of the expenditure.

On brief the petitioner abandons its last allegation of error and the determination of the respondent with respect thereto is affirmed.

*Decision will be entered under Rule 50.*