THE PHOENIX INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48867.   Promulgated November 2, 1933.

*John C. Parsons, Esq.*, for the petitioner.
*W. F. Wattles, Esq.*, for the respondent.

294

OPINION.

SEAWELL: The closing agreement executed on March 7, 1929, relating to the total income tax liability of the petitioner and its subsidiaries for 1926, was entered into pursuant to section 606 of the Revenue Act of 1928, which reads as follows:

(a) *Authorization.*—The Commissioner (or any officer or employee of the Bureau of Internal Revenue, including the field service, authorized in writing by the Commissioner) is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period ending prior to the date of the agreement.

(b) *Finality of agreements.*—If such agreement is approved by the Secretary, or the Undersecretary, within such time as may be stated in such agreement, or later agreed to, such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

> (1) the case shall not be reopened as to the matters agreed upon or the agreement modified, by any officer, employee, or agent of the United States, and

> (2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

\*     \*     \*     \*     \*     \*     \*

The language of section 606 clearly evidences an intention on the part of Congress that cases closed by agreements executed under its terms should be held to settle for all time the tax liability agreed upon, in this case the total income tax of the petitioner and its subsidiaries for 1926, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact.

In this proceeding no claim is made of fraud or malfeasance. The respondent does contend, however, that the agreement should be set aside for the determination of a deficiency for 1926 because of misrepresentation of a material fact. The basis for his claim is that schedule 5, which was attached to the consolidated return to support the deduction of $1,149,496.12 taken in the return for "Taxes", was prepared in such a manner as to make it appear that the amount deducted was exclusive of Federal income taxes. The importance of the question is due to the fact that Federal income taxes paid or accrued within the taxable year are not deductible from gross income. Secs. 247 (a) (3) and 234 (a) (3), Revenue Act of 1926. The petitioner's position is that the respondent's error in allowing the full amount claimed as a deduction for taxes, without first eliminating therefrom an amount erroneously included by the petitioner for Federal income taxes, was due to a mistake of fact, not misrepresentation by it of a material fact.

The decision turns almost entirely upon whether schedule 5, when read in connection with the annual statements, misrepresented the material fact that the net amount of $1,149,496.12 deducted included a sum for Federal income taxes.

We shall first decide whether the inclusion of $145,000 for Federal income taxes in the amount of $900,000 accrued for all taxes at December 31, 1926, was a misrepresentation of a fact.

The facts of schedule 5, briefly stated, are these. The petitioner first listed, under the subject of taxes, licenses and fees, amounts aggregating $1,084,824.12, including $104,159.19 for "Federal taxes" paid by each of the corporations during the year, and then the sum of $900,000 for taxes, licenses and fees accrued at December 31, 1926. Of the amount of $900,000, $145,000 represented an accrual for Federal income taxes. From the total of $1,984,824.12 for taxes, licenses and fees paid during the year and accrued at the end of the year, the petitioner deducted the amount of $724,000 accrued December 31, 1925; $103,831.29 for Federal income taxes paid during the year and $7,496.71 for income taxes paid to foreign countries and possessions of the United States. The petitioner claimed the remainder of $1,149,496.12 in the consolidated return as an expense deduction for taxes and the respondent allowed the deduction in determining the income tax liability of the petitioner and its sub-

sidiaries for 1926 to be $109,716.27, as set forth in the closing agreement.

The return was examined by an auditor of the respondent experienced in income tax matters relating to insurance companies, and the papers which were filed with the return were before him when he made his audit. He testified that he was aware that the item of $900,000 appearing in schedule 5 agreed in amount with the aggregate of the amounts shown in the annual statements as liabilities for "Estimated amount hereafter payable for Federal, State and other taxes based upon the year of this Statement," and that he made no inquiry to ascertain the nature of the Federal taxes, the amounts of which were represented by the figure. No claim is made by the respondent and it does not appear from the record that the auditor ever believed that the entries represented different liabilities or accruals.

When read without reference to the annual statements, the purport of the entry of $900,000 in schedule 5 is not entirely clear. We think, however, that it is sufficiently explained by the corresponding entries in the annual statements to convey the idea that it included Federal income taxes. The term "Federal taxes" embraces income taxes imposed by the United States. The return filed by the petitioner for 1926 showed a tax liability of $108,482.54, all or the greater part of which the respondent must or should have known was included in the annual statements as Federal, state and other taxes, in view of the fact that the approved form of annual statements made provision for showing all liabilities and did not call for an itemization of accruals for taxes. This, we think, was direct notice to the respondent that the accrual of $900,000 included an estimated amount for Federal income taxes. Certainly it is not representation that it was exclusive of such taxes, and we so hold.

The respondent points to the deduction of $103,831.29 made in schedule 5 for Federal income taxes paid within the year as representing an elimination of all of such taxes, paid and accrued, from the statement.

The initial explanatory note for the deduction, reading "Deduct Federal Income Taxes," does not represent that the sum actually included an amount for accrued taxes. All of the figures making up the total were in dollars and cents and closely approximated the amounts listed in the annual statements as having been paid during 1926 for "Federal taxes," the difference being but $327.90, including the sum of $153.90 paid by the Phoenix Securities Co., which was a holding company and apparently did not file an annual statement. The auditor who examined the return was fully aware of this slight difference between the two figures and believed, without making an investigation to sustain his opinion, that it repre-

sented "stamp taxes or some miscellaneous minor Federal taxes, not income taxes." He further testified that he thought the deduction represented taxes paid for 1925 together "with any probable addition to the reserve for the current year, 1926." There appears to be no justification for such a conclusion in the light of the fact that the consolidated return for 1926 showed an income tax liability of $108,482.54, all or most of which respondent should have known was included in the annual statements as an accrual for 1926 Federal taxes.

As we view the evidence the petitioner unintentionally neglected to eliminate all Federal income taxes from the statement and the respondent failed to detect the error in his examination of the return, with the result that the petitioner received an unauthorized deduction from its income. There was no misrepresentation on the part of the petitioner as to how the deduction was accomplished. All of the facts were before the respondent and we think a fair interpretation of them is that the entry of $103,831.29 does not purport to eliminate any amount previously included as an accrual for Federal income taxes for 1926, but merely excludes amounts paid within the year for such taxes.

In our opinion there has been no showing of misrepresentation of a material fact, and, accordingly, the closing agreement entered into respecting the income tax liability of the petitioner and its subsidiaries for 1926 may not be disregarded by the respondent.

Having reached such a conclusion, it is unnecessary for us to set forth our reasons for finding as a fact that the amount of Federal income taxes claimed by the petitioner and allowed by the respondent for 1926 was $71,000.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

SMITH, TRAMMELL, and MURDOCK concur in the result.
ADAMS dissents.