THE PEERLESS PATTERN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ILLUSTRATED FASHION FEATURES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54291, 59360, 59361.   Promulgated January 16, 1934.

*Noah A. Stancliffe, Esq.*, and *Theodore L. Harrison, Esq.*, for the petitioners.

*O. J. Tall, Esq.*, for the respondent.

OPINION.

SEAWELL: The record shows that the same individual, John H. Wright, owned all the outstanding common stock of To-day's House-wife, Inc., during the years 1926, 1927, and 1928, and also owned, from October 18, 1926, during the remainder of that year and throughout 1927 and 1928, over 95 percent of the outstanding common stock of the Peerless Pattern Co. It is further shown that at the time of its incorporation, May 10, 1927, he acquired and continued to own through 1927 and 1928 all the outstanding capital stock of the Illustrated Fashion Features, Inc.

It is seen, therefore, that all three companies after May 10, 1927, were affiliated throughout the years 1927 and 1928.

For the year 1926 separate returns were filed by the Peerless Pattern Co. and To-day's Housewife, Inc., and one of the questions for our determination is whether the filing of separate returns in 1926 as heretofore stated constituted an election to file on a separate basis which was binding with respect to the years 1927 and 1928 for those two companies and Illustrated Fashion Features, Inc., with which they became affiliated during 1927 and 1928, in the absence of permission from the Commissioner to file on a consolidated basis for those years.

The petitioners insist that the filing on a separate basis as stated, in the circumstances disclosed by the record, did not constitute an election to file thereafter on a separate basis; that the period of affiliation of the Peerless Pattern Co. and To-day's Housewife, Inc., during 1926 was an unsubstantial period and that the business transacted by the two companies during such period of affiliation in 1926 was so small in comparison with the total business transacted during the entire year 1926 that it was thought unnecessary to obtain permission from the Commissioner to change from the separate basis on which returns had been made in 1926 to the consolidated basis in 1927 and 1928. The record, however, shows that there was in 1926 no material advantage to the two companies in filing a consolidated return and separate returns were then filed.

It was obviously not the purpose of the statute to allow affiliated corporations to change their policy of filing separate returns or consolidated returns, depending upon the advantage to be derived in a particular year. The fact that in the instant case in the year 1926 the tax would have been practically the same whether the re-

turns were filed on a separate or a consolidated basis, did not in our opinion relieve the then affiliated companies of the necessity of making an election as to how returns would be filed, nor was an election dispensed with because the amount of the business transacted was not larger during the two and one half months in 1926 the Peerless Pattern Co. and To-day's Housewife, Inc., were affiliated. In our opinion, and we so hold, the filing of separate returns in 1926 by these companies constituted an election.

The Courts and this Board have held that, when affiliated corporations elect to file separate returns for years in which an election is granted, consolidated returns may not be filed for succeeding years without the approval of the Commissioner. *Brownsville Ice & Storage Co.*, 18 B.T.A. 439; *Baird Machine Co.*, 19 B.T.A. 801; *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120; *Lucas* v. *St. Louis National Baseball Club*, 42 Fed. (2d) 984; certiorari denied, 282 U.S. 883. The Board has also held that when two or more affiliated companies elect to file separate returns for a year during which an election might be made, consolidated returns may not be filed by those companies for subsequent years or by other companies with which they might become affiliated during such subsequent years, without permission of the Commissioner. *B. Mifflin Hood Brick Co.*, 19 B.T.A. 785; *Harbour-Longmire Co.*, 18 B.T.A. 33; *Imperial Assurance Co.*, 19 B.T.A. 1068. Such were our determinations with respect to the Revenue Act of 1921, and the provisions regarding the question of election are practically the same in the Revenue Acts of 1921, 1924, 1926, and 1928, and similar conclusions have been reached in proceedings arising under the Revenue Act of 1926. *A. S. Siracusa Sons, Inc.*, 23 B.T.A. 53; *Cavanaugh Brothers Garage*, 25 B.T.A. 935. In *Marvel Equipment Co.*, 26 B.T.A. 515, we held that, where two affiliated corporations elected to file separate returns for the years 1925 and 1926, they might not, without permission of the Commissioner, file a consolidated return for 1927, even though in the taxable year two other corporations were added to the affiliated group. On appeal to the Court of Appeals of the Third Circuit that court reversed the Board, 67 Fed. (2d) 354. The facts in that case, however, were different from those in the instant proceedings. In that case the petitioner was a member of a new group with a *new* dominant parent company and it was held that under the proper construction of section 240 (a) of the Revenue Act of 1926 the petitioner had the right to the benefit of a consolidated return to be filed by the parent corporation for the period of affiliation. The court held that the new parent corporation, which was not in existence in 1925 and 1926 (being incorporated in 1927 and in that year becoming the owner of all the stock of all the other companies), had the right in 1927 to determine

the kind of return, whether separate or consolidated, to be filed by the affiliated group in that year. In its opinion the court said:

\* \* \* If an affiliated group continues during a taxable year the addition of a corporation to the group or the dropping of a corporation from the group does not destroy the affiliation as a tax computing unit for the purpose of determining income and profits tax, provided the parent company remains the same when the additions and subtractions are made. *Swift & Company* v. *United States*, 38 Fed. (2d) 319, 373-375. \* \* \*

In the instant proceedings the same individual, Wright—the same interest—that owned over 95 percent of the voting stock of the Peerless Pattern Co. and To-day's Housewife, Inc., in 1926 owned the same during 1927 and 1928 and in those years also owned all the capital stock of the Illustrated Fashion Features, Inc. There was no new parent corporation or new ownership interest in 1927 and 1928 different from that in 1926, when an election was made and returns on a separate basis were filed. The same individual, Wright, who virtually owned and controlled two of the affiliated companies in 1926 likewise owned and controlled the three companies in 1927 and 1928. Such being the case and returns on a separate basis having been filed in 1926, the petitioners, in our opinion and we so hold, had no right, without permission of the Commissioner, to file returns on a consolidated basis in 1927 and 1928 and the action of the Commissioner in computing the tax liability of petitioners on the basis of separate returns for those years is approved. Cf. *Albert Leon & Son, Inc.*, 29 B.T.A. 251.

In the instant proceedings, the Peerless Pattern Co. was obligated to pay the premiums on the ten life insurance policies, aggregating $100,000, on the life of John H. Wright (the president of the company and owner of more than 95 percent of its outstanding voting stock) so long as the bonds secured by the deed of trust remained unpaid.

Section 24 (a) (4) of the Revenue Act of 1928 (the same provision being found in section 215 (a) (4) of the Revenue Acts of 1918, 1921, 1924, and 1926) provides that in computing net income no deduction shall be allowed in respect of " premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy."

In certain contingencies it is obvious that financial benefit might accrue to the petitioner, the Peerless Pattern Co., by reason of the payment of the proceeds of the policies and their application towards payment of petitioner's bond obligations. The Peerless Pattern Co. is, in our opinion, indirectly a beneficiary under the policies and we hold it is not entitled in computing its net income for 1928 to deduct the $3,540 expended by it in that year in the

payment of premiums upon the insurance policies taken out and carried on the life of its president, John H. Wright. *Rieck* v. *Heiner*, 25 Fed. (2d) 453; *Julius S. Rippel*, 12 B.T.A. 438; *J. H. Parker*, 13 B.T.A. 115; *Hewitt Grain & Provision Co. of Escanaba*, 14 B.T.A. 281; *Benjamin Barron*, 14 B.T.A. 1022; *William S. Phillips*, 24 B.T.A. 98.

The record fails to show that Wright's yearly salary of $10,400 was not a fair and reasonable salary or that he was entitled to more or an additional amount to the extent of the life insurance premiums, $3,540, paid as aforesaid. We are, therefore, of the opinion and hold that there is no error in the respondent's determination of the income tax liability of the petitioners for any of the years in issue.

*Judgment will be entered for the respondent in each of the three dockets.*