*Decision will be entered under Rule 50.*

SMITH PAPER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EXPORT LEAF TOBACCO COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

T. C. WILLIAMS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61394–61396. Promulgated August 8, 1934.

*H. H. Shelton, Esq.,* and *H. M. Robertson, Esq.,* for the petitioners. *Allin H. Pierce, Esq.,* and *Irving M. Toller, Esq.,* for the respondent.

OPINION.

LEECH: The sole issue here is whether the petitioners, together with Brown & Williamson and Brown & Williamson Sales, are entitled to have their income taxes for the calendar year 1928 computed on a consolidated basis.

The applicable statutory provisions are practically identical sections, 240 (a) of the Revenue Act of 1926,[1] and 142 (a) of the Revenue Act of 1928.[2]

---

[1] SEC. 240. (a) Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

[2] SEC. 142. (a) *Consolidated returns permitted.*—Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

Since Export of New Jersey and Williams were affiliated throughout 1926, under the provisions of section 240 (d) of the Revenue Act of 1926, Regulations 69, article 632, each had the privilege to elect whether to file its income tax return for that year upon a separate or a consolidated basis.

Each filed upon and therefore elected the separate basis of return. This election was binding upon both for every return made thereafter for any taxable period, under either of the cited statutory provisions, during that affiliation unless permission to change such basis was had from the Commissioner. *Lucas* v. *St. Louis National Baseball Club*, 42 Fed. (2d) 984; certiorari denied, 282 U.S. 883; *Dr. Pepper Bottling Co.*, 25 B.T.A. 1323; aff'd., 69 Fed. (2d) 768; *Safety Electric Products Co.* v. *Helvering*, 70 Fed. (2d) 439; *Alameda Inv. Co.* v. *McLaughlin*, 33 Fed. (2d) 120; *Harbour-Longmire Co.*, 18 B.T.A. 33; *Baird Machine Co.*, 19 B.T.A. 801; *Peerless Pattern Co.*, 29 B.T.A. 767.

The same affiliation continued until November 30, 1927, except for the addition of Brown & Williamson on March 16 of that year. But such addition, we have held, does not result in a new right of basis election, at least where the same parent existed, as here, *Huntington Beach, Inc.*, 30 B.T.A. 731; *Peerless Pattern Co.*, supra. Cf. *Marvel Equipment Co.* v. *Commissioner*, 67 Fed. (2d) 354, reversing 26 B.T.A. 515. In the first cited case, after carefully reconsidering the question, this Board respectfully refused to follow the decision of the Third Circuit Court of Appeals in *Stonega Coke & Coal Co.* v. *Commissioner*, 57 Fed. (2d) 1030, and reiterated its earlier decision.

Regulations 74, article 731,[3] promulgated under the Revenue Act of 1928, construes the " return " for 1927, authorizing the same basis of return for 1928, to mean a proper return. This construction does not change that approved under the cited and pertinent sections of the preceding revenue act. *Peerless Pattern Co.*, supra; *Albert Leon & Son, Inc.*, 29 B.T.A. 251.

The filing of consolidated returns is a right existing only by grant of Congress upon certain conditions set out in the revenue acts, following that of 1918, extending it. *Huntington Beach, Inc.*, supra. Cf. section 141, Act of 1934, abolishing such returns except by railroad companies. Likewise is its complement—the right to change basis of return.

[3] *Consolidated returns of affiliated corporations for 1928.*—Affiliated corporations as defined in section 142 (c) may for the taxable year 1928 make separate returns or make a consolidated return in which will be reported the consolidated net income of the affiliated corporations, except that if a return for the taxable year 1927 was *properly made* upon either of these bases, the return for the taxable year 1928 must be made upon the same basis unless permission to change is granted by the Commissioner. * * *

If the word as here used means anything other than proper return, this right, granted, by the cited provision, solely upon permission of the Commissioner of Internal Revenue, would not be a right, the existence of which depended wholly upon the law creating it, but where affiliation was present, as here, it would be an absolute and unconditional right, the exercise of which nothing but the pleasure of the taxpayer would control. Such construction would nullify the purpose of the act and render it meaningless—a result repugnant to the well established canons of statutory construction. *Aluminum Castings Co.* v. *Routzahn*, 282 U.S. 92; *United States* v. *Katz*, 271 U.S. 357.

The mere filing of a consolidated return did not establish the necessary permission to so file. *Lucas* v. *St. Louis National Baseball Club*, *supra*; *Dr. Pepper Bottling Co.*, *supra*; *Harbour-Longmire Co.*, *supra*.

Since no permission to change the 1926 basis of return was secured from the Commissioner of Internal Revenue, it follows that the consolidated return of Export of New Jersey and Brown & Williamson, for the period January 1 to November 30, 1927, had no other legal effect for tax-computing purposes than that of separate returns and, *a fortiori*, were not the returns contemplated by the cited provision necessary to base consolidated returns for the succeeding taxable period. *Dr. Pepper Bottling Co.*, *supra*; *St. Louis National Baseball Club*, *supra*; *Grant* v. *Rose*, 24 Fed. (2d) 115; *Harbour-Longmire*, *supra*; *Baird Machine Co.*, *supra*.

The same reasoning and precedents apply with equal force to the status of the affiliation existing from December 1 to December 31, 1927, and the consolidated returns filed by Export of Delaware and Brown & Williamson for that period.

Although unnecessary to these conclusions, it is observed that, under the cited statutory provisions, the rule is well recognized which prevents a consolidated return by an affiliation where one of the affiliates has filed a separate return for the same taxable period, as Williams did here for 1927, *Southern Power Co.* (*now Duke Power Co.*), 17 B.T.A. 962; affd., 44 Fed. (2d) 543; certiorari denied, 252 U. S. 903; *Commissioner* v. *Hirsch & Co.*, 30 Fed. (2d) 645; *Safety Electric Products Co.*, *supra*; *Flambeau Public Service Co.*, 27 B.T.A. 299. True, this rule has been held not to include a case where such separate return was filed by a nonactive corporation without income (*Whitman, Ward & Lee Co.*, 29 B.T.A. 670), but we think it doubtful on reasoning and authority to so treat the result of the 1927 return of Williams, an active corporation having a comparatively small but nevertheless substantial income.

The unavoidable result of these conclusions, under section 142 (a) of the Revenue Act of 1928, *supra*, is that the respondent was right in refusing to compute the income taxes of petitioners and their affiliates for 1928 upon a consolidated basis, as returned, unless, as argued by petitioners, (1) a new right of election of basis resulted to the affiliation from the addition in that year of Brown & Williamson Sales on June 5, or Smith on October 8, British-American remaining throughout the year the parent corporation; or (2) the execution of agreements under section 606 of the Revenue Act of 1928[4] constituted retroactive permission by the Commissioner to change the basis of return for 1927 so as to make the return filed the proper return necessary to base the consolidated return made for 1928, or by reason of such agreements themselves the respondent is barred now from raising the question of propriety of the returns made for 1927.

The answer to petitioners' first position is necessarily in the negative, based upon the same reasons and authorities as those upon which our conclusions as to the status of the affiliation and the returns therefor for 1927 were based.

Petitioners' second contention is without merit also.

It must be remembered we are considering here the question of the existence of a statutory conditional right. Cf. *Huntington Beach, Inc.*, *supra*, and petitioners, to enjoy its advantages, must bring themselves clearly within the specified conditions precedent to its grant. *Rock Island*, *A. & L. R. Co.* v. *United States*, 254 U.S. 141.

Since the filing of the consolidated returns for 1927 on June 15, 1928, without the permission of the Commissioner, had the effect only of separate returns, at that date, obviously, under section 142 (a) of the Revenue Act of 1928, *supra*, the only legal method of computing the tax liabilities to which those returns were directed was upon a separate basis for each member of the affiliation. The obliga-

---

[4] SEC. 606. CLOSING AGREEMENTS.

(a) *Authorization.*—The Commissioner (or any officer or employee of the Bureau of Internal Revenue, including the field service, authorized in writing by the Commissioner) is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal-revenue tax for any taxable period ending prior to the date of the agreement.

(b) *Finality of agreements.*—If such agreement is approved by the Secretary, or the Undersecretary, within such time as may be stated in such agreement, or later agreed to, such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

    (1) the case shall not be reopened as to the matters agreed upon or the agreement modified, by any officer, employee, or agent of the United States, and

    (2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

(c) Section 1106 (b) of the Revenue Act of 1926 is repealed, effective on the expiration of 30 days after the enactment of this Act, but such repeal shall not affect any agreement made before such repeal takes effect.

tions, thus definitely fixed by statute, could not thereafter be changed by any action of the Commissioner. *George Freese's Sons*, 18 B.T.A. 416; *Grant* v. *Rose, supra; Deposit Trust & Savings Bank, Executor*, 11 B.T.A. 706. Cf. *Alameda Investment Co.*, 33 Fed. (2d) 120. The execution of the several agreements under section 606 of the Revenue Act of 1928, *supra*, occurred a year and a half after the consolidated return involved herein was filed. Cf. *Patent Royalties Corp.* v. *Commissioner*, 65 Fed. (2d) 580, reversing 25 B.T.A. 1032.

These agreements, authorized only, as in the present case, by the Commissioner, with the approval of the Secretary of the Treasury, are localized and limited in their operations by the statute, through which, alone, they are possible, to tax liabilities for definite periods covered therein. Neither the cited statutory provision permitted nor the instruments executed thereunder here included any agreement binding either party thereto to recognize any element necessary to the computation of a tax liability for 1928, and thus permit the perpetuation of a palpable error. The present agreements closed certain tax liabilities for periods within 1927 and nothing else. The method used in computing the amounts of those liabilities for that year, whether proper or otherwise, could not and did not conclude the respondent in his computation of these disputed tax liabilities for 1928. *W. C. Mitchell Co.*, 27 B.T.A. 645; *Alabama Mineral Land Co.*, 28 B.T.A. 586; *Phoenix Ins. Co.*, 29 B.T.A. 291; *Wolverine Petroleum Co.*, 29 B.T.A. 1236. The contested deficiencies are approved.

*Judgment will be entered for the respondent.*