CENTRAL SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STONEGA COKE & COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VIRGINIA WHOLESALE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32751–32753.   Promulgated December 22, 1930.

*J. F. Bullitt, Esq.*, for the petitioners.
*J. L. Backstrom, Esq.*, and *P. A. Sebastian, Esq.*, for the respondent.

836

OPINION.

LOVE: As indicated in our opening statement, the only controverted issue in this case is whether or not, in view of the facts as set out in our findings of fact and under the law, the petitioners, together with the Crab Orchard Co., are entitled to have their income-tax liability computed on a consolidated return for the year 1923.

Petitioners urge five propositions or points as bases for their contentions that they are so entitled:

1. The equities of the case are all with the petitioners.

2. The Act of Congress did not require the petitioners to get the consent of the Commissioner of the Revenue for the filing of the consolidated return— they had the absolute right to file the same without getting the consent of the Commissioner.

3. Petitioners followed literally the regulations of the Commissioner with reference to companies *which became affiliated during a taxable year*. In such case the consent of the Commissioner to the filing of a consolidated return is not required.

4. Equity will consider that as done which should have been done.

5. The last sentence in Section 240 of the Act of 1921 is unconstitutional and void.

In this case it may be conceded that the Crab Orchard Co. was not affiliated with petitioners prior to September 15, 1923, and that subsequent to that date the four companies were affiliated. Section 240 (a) of the Revenue Act of 1921 is the applicable statute in this case, and is as follows:

SEC. 240. (a) That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

With reference to points 1, 4, and 5 presented by petitioners, we fail to perceive the pertinency of any of them to the issue in this case. The right of two or more corporations to file a consolidated return is not an inherent right. It is merely a privilege granted, or a duty imposed by Congress under certain stipulated conditions. Congress certainly had the constitutional right to prescribe such conditions as it deemed proper. As an administrative measure, Congress lodged with the Commissioner discretionary authority to grant, or to refuse to grant, permission to change from one method to another after an election had been exercised. It may be granted that Congress meant that discretion to be the exercise of a sound, and not capricious discretion. A suggestion or showing that he has

refused to do what he was expected to do, or even what some other person would probably have done, falls far short of a showing that he has been guilty of an abuse of discretion.

We fail to perceive that there are any maxims or principles of equity pertinent in the case. Petitioners have no equitable right to file a consolidated return. Their right, if any they have, is a statutory right. If they bring themselves within the terms and conditions of the statute, their claim should be granted. If they fall without the ambit of the statute, their claim can not be granted.

That brings us now to a consideration of the second and third points presented. Petitioners contend, first, that by reason of the fact that in 1923 a fourth corporation not theretofore affiliated with the three that exercised the election for 1922, came into the group, there came into being a new taxable entity, which taxable entity had made no election and hence had a right under the statute, as well as under the regulations, to make a consolidated return. Petitioners' counsel in his brief presents a forceful argument in support of the contentions last above noted, and were it a case of first impression, would call for an extended discussion. The issue, however, has been elaborately considered and discussed in several decisions by the Board, and definitely decided adversely to petitioners. See particularly *Imperial Assurance Co.*, 19 B. T. A. 1068. See also *Swift & Co. v. United States*, 69 Ct. Cls. 171; 38 Fed. (2d) 365.

If permission were necessary, then petitioners contend that it should be held that, in view of the fact that they accompanied their return with a letter requesting the right to change, and no affirmative action was taken denying such request for more than two years, by reason of such silence on the part of the Commissioner, he should be held to have consented to the change. The statute certainly contemplates a request being made, with a statement of grounds for such request, prior to the filing of the return, and an affirmative answer. Simply because the Commissioner fails to answer promptly can not be held to estop him from denying such request at a later date when his office force reaches that return in its auditing work. See *B. B. Bathing Park, Inc.*, 17 B. T. A. 748; *Apartment Corporation*, 17 B. T. A. 876; *Southern Power Co. et al.*, 17 B. T. A. 962; affd., *Duke Power Co. v. Commissioner of Internal Revenue*, 44 Fed. (2d) 543.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

LANSDON, MARQUETTE, ARUNDELL, and MURDOCK dissent.