## H. Liebes & Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket Nos. 28544, 35038.   Promulgated June 18, 1931.

W. W. *Spalding*, *Esq.*, for the petitioner.
F. R. *Shearer*, *Esq.*, for the respondent.

## OPINION.

ARUNDELL: The basic facts, simply stated, are these: Petitioner prior to the taxable years acquired all the stock of the Ganss Fur Company, and the stock became worthless while petitioner owned it.

Petitioner claims that the stock cost it $210,000; that the stock became worthless in 1921; that by reason thereof it sustained a net loss in 1921 in the amount of $210,000 which it is entitled to carry over to 1922 and 1923. Respondent denies that the stock cost $210,000, or that it became worthless in 1921. Respondent further

claims that even if the stock did become worthless in 1921, petitioner did not sustain a deductible loss because of its affiliation with the Ganss Fur Company.

The evidence establishes, and we have found as a fact, that the cost of the stock to petitioner was $210,000. Respondent questions the items of $69,963.67 and $50,000 which are claimed by petitioner to represent a part of the cost. The amount of $69,963.67 was an amount owing to petitioner by the Wulfsohn Ganss Fur Company when that company was succeeded by the Ganss Fur Company. That amount was taken over by the Ganss Fur Company as a debt and was liquidated by the issuance of stock subsequent to March 1, 1913. The $50,000 item represented petitioner's capital investment in the Wulfsohn Ganss Fur Company and for it petitioner acquired stock of the Ganss Fur Company. We think these items are to be included in the cost of the stock to petitioner.

There is no dispute about the fact that the Ganss Fur Company stock actually became worthless. Petitioner claims that the worthlessness occurred in 1921. Respondent denies this and contends that it became worthless in 1920. The evidence establishes that the Ganss Fur Company was in a bad way financially in 1920. At the beginning of 1920 it had a surplus of $247,722.61 and at the end of that year it had a deficit of $747,711.05. However, at the close of the year it was still a going concern; it had cash of over $41,000, receivables of over $264,000 and a merchandise inventory of $454,936 at market. We do not believe that on the evidence it can be said that the Ganss Fur Company stock was worthless at the end of 1920. At the close of 1921 the company had completely liquidated its stock and gone out of business and its stock had no value. In our opinion it must be held that the stock became worthless in 1921.

Section 204(a) of the Revenue Act of 1921 provides:

That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) * * *.

The Ganss Fur Company was operated as a branch of petitioner and the stock of that company was a capital asset used in petitioner's business. In our opinion the above quoted statute is broad enough to include a situation of this kind, and the stock becoming worthless in 1921 resulted in a net loss. Cf. *C. C. Huxford*, 20 B. T. A. 39, and cases therein cited.

Respondent argues that, as petitioner continued to own the Ganss Fur Company stock throughout 1921, the law required that they

be affiliated; hence, any loss arising in that year was a consolidated loss and not the separate loss of the petitioner, citing *Kaiwiki Sugar Co.*, 21 B. T. A. 997, as holding that section 204 is limited by section 240, and *Utica Knitting Co.* v. *United States*, 68 Ct. Cls. 77, in which the taxpayer was denied a loss deduction arising out of the liquidation of a wholly owned subsidiary. The *Kaiwiki Sugar Co.* case is authority for holding that the *amount* of net loss allowable may be limited by section 240, but it does not purport to treat of the question we have here. In the *Utica Knitting Co.* case the court said:

> It would be an extremely technical evasion of the purpose of the statute [requiring consolidated returns] to hold that a conceded affiliation ceases when the subsidiary ceases to sell and manufacture goods, while at the same time the parent company owns all the stock of the subsidiary, and the subsidiary continues in business for the purpose of winding up its affairs, turning over its property to the parent, collecting its accounts and paying its debts, which very debts and accounts arose out of the knitwear business in which both the parent company and the subsidiary were engaged.

It is clear from this quotation that the two cases are different. Here the subsidiary corporation had completely gone out of business before the end of the year and it had no property to turn over to the parent company.

While it may be that at the end of 1921 petitioner and the Ganss Fur Company were technically affiliated because petitioner still owned the stock, a denial of a loss claim on account of that technicality would be to ignore the substance of the situation. Had the petitioner sold the stock in 1921 for a nominal sum—which was all that could have been realized—the case would clearly come within the case *Remington Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77. The fact that petitioner failed to go out of its way to attempt to make a sale, when in all probability a bona fide sale could not have been effected, should not affect the result. In our opinion loss resulting from worthlessness should be treated no differently than loss resulting from sale and the situation is governed by the *Remington Rand* decision.

One other matter requires notice. It appears from the evidence that the respondent in computing the 1921 net loss used as a basic figure $33,954.86, whereas the correct figure is $26,478.71—exclusive of the stock loss. This difference will probably not affect the net result in view of our allowance of the stock loss as a net loss, but it may be settled under Rule 50.

*Decision will be entered under Rule 50.*