HUNTINGTON BEACH, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DONBERRY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 59239, 59240. Promulgated May 16, 1934.

732

·*Horace P. Griffith*, *C.P.A.*, and *Robert H. Rissinger*, *C.P.A.*, for the petitioners.

*J. M. Leinenkugel*, *Esq.*, for the respondent.

OPINION.

BLACK: These proceedings are for the redetermination of deficiencies in income tax for 1928 of $2,249.56 in the case of Huntington Beach, Inc., and $10,698.71 in the case of the Donberry Corporation. The petitions allege that the respondent erred in computing the tax liabilities of the petitioners upon the basis of separate returns instead of on the basis of a consolidated return as filed by the petitioners.

The facts were stipulated as follows:

1. That during the year 1927 petitioners were members of an affiliated group, which was composed of the following corporations:

Donberry Corporation, which company had an authorized capital of $25,000 represented by 250 common shares of $100 par value, all of which was outstanding, and of which Fred W. Gordon owned 50% and Z. D. Berry owned 50%.

Huntington Beach, Inc., which company had an authorized capital of $100,000, represented by 1,000 shares of $100 par value, all of which was outstanding and of which 100% was owned by the Donberry Corporation.

134 East 64th Street Corporation, which company was chartered April 20, 1927, and its entire authorized and outstanding capital stock was owned by Donberry Corporation.

2. That the three corporations listed above elected to file and did file separate income tax returns for the year 1927.

3. That on January 18, 1928, and thereafter during the year 1928, petitioner was a member of an affiliated group composed of Donberry Corporation, Huntington Beach, Inc., 134 East 64th Street Corporation, and 254 West 54th Street Corporation. The last named company had an authorized capital of $50,000, consisting of 500 shares of common stock of $100 par value, of which 50% was owned by Fred W. Gordon, and 50% was owned by Z. D. Berry from January 18, 1928 to December 31, 1928.

4. That Donberry Corporation, Huntington Beach, Inc., 134 East 64th Street Corporation, and 254 West 54th Street Corporation joined in the filing of a consolidated return for the year 1928, without first having secured permission of the Commissioner of Internal Revenue to change the basis of filing which had been elected by Donberry Corporation, Huntington Beach, Inc., and 134 East 64th Street Corporation in 1927.

Section 142 of the Revenue Act of 1928 provides in part as follows:

SEC. 142. CONSOLIDATED RETURNS OF CORPORATIONS—TAXABLE YEAR 1928.

(a) *Consolidated returns permitted.*—Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

Petitioners admit that the three corporations, Donberry Corporation, Huntington Beach, Inc., and 134 East 64th Street Corporation, which were affiliated in 1927, elected to file separate returns for that year, and they concede that if no change had been made in the affiliated group the corporations would not have been entitled to file a consolidated return for the year 1928 without first securing permission from the Commissioner.

Petitioners contend however that by reason of another corporation coming into the affiliation on January 18, 1928, to wit, the 254 West 54th Street Corporation, there was a new affiliated group and the taxpayers became entitled to a new election and had the right to file a consolidated return for the period January 18 to December 31, 1928.

For the year 1928 the Donberry Corporation had a net income of $112,974.84 and the Huntington Beach Corporation had a net income of $14,164.14. The 134 East 64th Street Corporation had neither income nor losses for 1928 and the new affiliate, the 254 West 54th Street Corporation, had a loss of $100,333.70.

The Board has held contrary to the contention made by petitioners in several cases. *Imperial Assurance Co.*, 19 B.T.A. 1068; *Peerless Pattern Co.*, 29 B.T.A. 767. Cf. *Duke Power Co.* v. *Commissioner*, 44 Fed. (2d) 543; *Dr. Pepper Bottling Co.* v. *Commissioner*, 69 Fed. (2d) 768. Petitioners cite our decision in *Albert Leon & Son, Inc.*, 29 B.T.A. 251, in support of their contention.

In that case we held that where two affiliated corporations filed separate returns for 1927 and the affiliation was terminated at the end of that year and a new group of seven corporations was formed in 1928, which included the two corporations formerly affiliated, the new group had an election to file a consolidated return under section 142 (a) of the Revenue Act of 1928. We based our decision in the *Leon & Son, Inc.*, case on the fact that the affiliation of two of the corporations in the year 1927 was terminated at the end of that year and that an entirely new group was formed in 1928.

That this was the basis of our distinction in the *Leon & Son, Inc.*, case from the Board cases heretofore cited was made plain in our opinion, from which we quote as follows:

The applicable statute, section 142 (a) of the Revenue Act of 1928, has provided a limitation on the right of election for 1928 where an affiliation existed and an election was made in the prior year. Under earlier revenue acts (in which the applicable sections of the statute are practically identical with the one before us) it has been held that where an election has been made and separate returns filed by affiliated corporations, the addition to the affiliated group of one or more corporations in a succeeding year does not entitle the several companies to make a new election to file a consolidated return without the consent of the Commissioner. *Bowie Lumber Co., Ltd.*, 20 B.T.A. 342; *B. Mifflin*

*Hood Brick Co.*, 19 B.T.A. 785; *Imperial Assurance Co.*, 19 B.T.A. 1068; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365. And in those cases where affiliation existed during the prior year and a consolidated return had been filed, the corporations thereafter coming into the group had no right of election to file a separate return because it was required that a consolidated return include the entire group. *Southern Power Co.*, 17 B.T.A. 962; affd., *Duke Power Co.* v. *Commissioner*, 44 Fed. (2d) 543; certiorari denied, 282 U.S. 903; *Park Avenue Corp.*, 20 B.T.A. 288; *Fontana Union Water Co.*, 24 B.T.A. 1045. Seemingly, the 1928 Act, together with Regulations 74, article 731 et seq., promulgated thereunder, requires no change in the rules laid by these decisions with respect to returns of affiliated corporations for the taxable year 1928, but, as we see it, we have in the case at bar *not the addition of new members to a continuing affiliated group, but a dissolution of the group previously existing and the creation of a new group.* [Emphasis supplied.]

Another case which petitioners cite in support of their contention is *Marvel Equipment Co.* v. *Commissioner*, 67 Fed. (2d) 354, reversing the Board's decision at 26 B.T.A. 515. In the *Marvel Equipment Co.* case the conclusion of the court appears to be based largely on the fact that the affiliated group in 1927 had a different parent company from that which the affiliated group had in 1925 and 1926.

The emphasis on the importance of the parent corporation is touched upon by the court in its opinion in the recent case of *Dr. Pepper Bottling Co.* v. *Commissioner*, *supra*, where the following language is used:

Where one of several affiliated corporations, especially if it is the one having dominant control, elects to file a separate income tax return by filing such a return, the other affiliated corporations are deprived of the right to file a consolidated return in the absence of a granting by the Commissioner of Internal Revenue of a permission to do so. *Duke Power Co.* v. *Commissioner of Internal Revenue*, 44 Fed. (2d) 543, certiorari denied, 282 U.S. 903.

The stipulated facts in the instant case show that the Donberry Corporation was the parent corporation when the election to file separate returns was made in 1927 and it continued to remain the parent corporation in 1928. We see no evidence that the affiliation which existed in 1927 was terminated or broken up in 1928. Hence we hold that petitioners have no right to file a consolidated return for 1928 without first securing the consent of the Commissioner.

We think this holding is not in conflict with *Albert Leon & Son, Inc.*, *supra*, and *Marvel Equipment Co.* v. *Commissioner*, *supra*, but is entirely consistent therewith. We concede it is in conflict with *Stonega Coke & Coal Co.* v. *Commissioner*, 57 Fed. (2d) 1030, reversing the Board's decision at 21 B.T.A. 835. The facts of that case were very similar to those of the instant case. The decision has given the Board much concern, and it is only after a full and most respectful consideration that we find ourselves unable to adopt it as the uniform rule for this Board to follow. This is especially so in view of the later emphasis by the court in the *Marvel* case of the

question whether the parent or dominant corporation remained identical, and also in view of the reasoning of the Circuit Court of Appeals for the Fifth Circuit in reaching its conclusion in *Dr. Pepper Bottling Co.* v. *Commissioner, supra.* For this reason we regard the present proceeding as requiring renewed consideration of the question.

If the mere addition of a member to an affiliated group without any change in the dominant parent worked such a change in the situation as to give the affiliated group a new election, then that part of section 142 (a) of the Revenue Act of 1928, which reads "If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner " would not mean very much. An affiliated group which had elected to file separate returns could, by the mere creation of a new corporation, establish a new election and thus file a consolidated return as a matter of right, despite the Commissioner's nonpermission or even his express disapproval. We think it is not to be assumed that Congress would have imposed this express restriction upon the voluntary election given corporate taxpayers and yet leave open such an obvious means of its circumvention and frustration. It must be borne in mind that the requirement for securing the Commissioner's permission is not merely a regulatory requirement laid down by the administrative officer, but is an express statutory condition of the legislation itself. Congress might have withheld any recognition of consolidated returns or any election, and therefore the condition is a necessary incident of the grant. Especially apt, in such circumstances, is the Supreme Court's admonition in *Rock Island A. & L. R. Co.* v. *United States,* 254 U.S. 141, that "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued, those conditions must be complied with. * * * At all events the words are there in the statute and the regulations, and the Court is of opinion that they mark the conditions of the claimant's right."

A case often cited having to do with the effect of additions or subtractions to the affiliated group is *Swift & Co.* v. *United States,* 38 Fed. (2d) 365. In that case there were 60 or more corporations, of which Swift & Co. was the dominant parent corporation.

Suppose that Swift & Co., the dominant parent corporation in 1927, had elected that the group file separate returns and in 1928 another subsidiary had been added in the same manner as the 254 West 54th Street Corporation was added to the affiliated group in the instant case, without any change in the dominant parent corporation. Would it be contended that the mere addition to the group of

this one new affiliate, without any change in the dominant parent corporation, would give the group the right of a new election and enable the corporations to file a single consolidated return without first securing the consent of the Commissioner? We think not. Under such circumstances the group would not be permitted to file a consolidated return without first securing the consent of the Commissioner.

We think the weight of authority supports the Commissioner in his determination in the instant case and is against the contention made by petitioners.

Reviewed by the Board.

*Decision will be entered for respondent.*

MARQUETTE, SMITH, and ARUNDELL dissent.