BRADEN STEEL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54902. Promulgated September 14, 1934.

*Maxwell M. Mahaney, Esq.,* for the petitioner.
*Owen W. Swecker, Esq.,* for the respondent.

#### OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax of $2,632.77 for 1928. The only matter in controversy is the action of the respondent in determining the tax liability of the petitioner on the basis of a separate return instead of on the basis of a consolidated return with two other companies.

The proceeding was submitted on an agreed statement of facts, pertinent portions of which are as follows:

The Braden Company, owning 100% of the stock of the petitioner, is an express Trust, organized in 1923 under the Laws of Oklahoma, with 20,000 shares of a par value of $100, authorized under its Declaration of Trust, and has been taxed at all times since its organization as a Corporation under the Federal Income Tax Acts. As of January 1, 1926 the Braden Company caused

to be organized under the laws of Oklahoma the Braden Steel and Winch Company, and immediately thereafter transferred to such corporation all of the auto-winch, boiler and tank manufacturing equipment and business of the Braden Company, receiving in return all of the issued stock of the Braden Steel & Winch Company. As of January 1, 1928, the Braden Company caused to be organized under the laws of Oklahoma the Braden Steel Corporation, petitioner in this proceeding, and transferred to it all of its fabricated and structural steel manufacturing equipment and activities, and received in exchange therefor the total issued stock of the petitioner. At all times since the organization of the Braden Steel & Winch Company in 1926, and the Braden Steel Corporation, the petitioner, in 1928, the Braden Company has owned 100% of their total outstanding stock.

The Braden Company and the Braden Steel & Winch Company have never requested, nor has the Commissioner granted permission to change the basis used in filing their income tax returns for the years 1926 and 1927.

For the years 1926 and 1927 the Braden Company and the Braden Steel & Winch Company filed separate returns showing the following:

| | | |
|---|---|---|
| 1926 The Braden Company | $31,812.75 | Loss |
| Braden Steel & Winch Company | $1,064.61 | NET INCOME |
| 1927 The Braden Company | $32,809.18 | Loss |
| Braden Steel & Winch Company | $8,808.24 | Loss |

For the year 1928 the Braden Company, as parent, filed a Consolidated Corporation Income Tax Return, Form 1120, including therein both of its subsidiaries, which subsidiaries did not file returns, nor pay any tax for 1928, the consolidated return indicating the following computation:

| | | |
|---|---|---|
| The Braden Company | $21,656.71 | Loss |
| Braden Steel & Winch Company | $43,289.05 | Loss |
| Braden Steel Corporation (petitioner) | $24,814.75 | NET INCOME |
| CONSOLIDATED TOTAL | $40,131.01 | Loss |

The Commissioner adjusted the foregoing amounts to read as follows:

| | | |
|---|---|---|
| The Braden Company | $19,472.25 | Loss |
| Braden Steel & Winch Company | $43,289.05 | Loss |
| Braden Steel Corporation | $24,939.75 | NET INCOME |

The Commissioner determined that the petitioner, Braden Steel Corporation, although affiliated with the Braden Company and the Braden Steel & Winch Company, should be taxed separately, and issued a 60 Day Letter addressed to and finding a deficiency against the petitioner for the year 1928 in the amount of $2,632.77.

The petitioner contends that under the provisions of section 142 of the Revenue Act of 1928 the consolidated return filed for the group for 1928 was proper. It urges that, due to its coming into existence in 1928 and its becoming affiliated with the other two corporations, there was in that year a new group which as such was entitled to make an election respecting the basis upon which returns would be filed. It also urges that the fact that the other two corporations, although affiliated in 1927, had elected to file separate returns for that year is not controlling with respect to the basis for the three corporations for 1928. The respondent contends that, since the two

corporations that were in existence and affiliated in 1926 and 1927 elected to file separate returns for those years and since permission was not granted to change to the other basis for 1928, his action is correct and should be sustained.

In *Imperial Assurance Co.*, 19 B.T.A. 1068, a case arising under the 1921 Act, four domestic corporations were affiliated throughout 1922 by reason of the ownership or control of substantially all of their voting and outstanding capital stock by a foreign corporation. For 1922 the four domestic corporations filed separate income tax returns. In the early part of 1923 the foreign corporation acquired the ownership or control of substantially all of the voting and outstanding capital stock of two other domestic corporations and by reason thereof the six domestic corporations throughout the remainder of 1923 were affiliated. For the year 1923 the six affiliated domestic corporations filed a consolidated return. The permission of the respondent for filing a consolidated return not having been obtained, we held that the filing of the consolidated return for 1923 was not permissible and sustained the action of the respondent in determining the tax liability of the corporations on the basis of separate returns.

*Huntington Beach, Inc.*, 30 B.T.A. 731, arose under the Act of 1928. There two individuals owned equally all of the outstanding stock of the Donberry Corporation, which in turn owned all of the outstanding stock of two other corporations. For 1927 the three corporations filed separate income tax returns. In January 1928 the two individuals who owned in equal amounts the stock of the Donberry Corporation became the owners in equal amounts of all the outstanding stock of a fourth corporation, and from that time until the end of 1928 the four corporations were affiliated. Without first having obtained the permission of the respondent to do so, the four corporations filed a consolidated return for 1928. The respondent determined their tax liability for that year on the basis of separate returns instead of on the basis of a consolidated return. It was there contended that the four corporations were entitled to file a consolidated return for 1928, regardless of their not having obtained permission of the Commissioner to do so. We considered the question at length in the light of certain court and Board decisions which had been rendered since our decision in *Imperial Assurance Co.*, *supra*, and among which was *Stonega Coke & Coal Co.* v. *Commissioner*, 57 Fed. (2d) 1030, a case relied on by the petitioner in the instant case. We concluded that the four corporations were not entitled to file a consolidated return for 1928 and sustained the respondent in determining their tax liability on the basis of separate returns.

In *Smith Paper Co.*, 31 B.T.A. 28, a case arising under the Acts of 1926 and 1928 we followed our decision in *Huntington Beach, Inc.*,

**164**

*supra*, and held that, where the same parent corporation in an affiliation continued throughout 1926, 1927, and 1928, no new right of election of basis for income tax returns resulted to the affiliation in 1927 or in 1928 from the addition thereto of one corporation in the former and two in the latter year.

We think our decisions in the foregoing cases are determinative of the question here. Accordingly, we hold that the respondent did not err in determining the tax liability of the petitioner on the basis of a separate return.

*Judgment will be entered for the respondent.*