## FLETCHER AMERICAN NATIONAL BANK, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43712, 43713, 47149, 47150, 47585, 51120–51124, 58966–58969.

Promulgated November 14, 1935.

[1] Proceedings of the following petitioners are consolidated herewith: R. H. Syfers Realty Company; Fletcher American Company, and Perry E. O'Neal, Receiver; The Henry Severin Realty Corporation, and Frank C. Bopp, Receiver; Warman Avenue Realty Company; and American Foundry Company.

454

*Frank C. Olive*, *Esq.*, and *George S. Olive*, *C. P. A.*, for the petitioners.

*Elden McFarland*, *Esq.*, for the respondent.

OPINION.

Leech: This controversy apparently presents no original question.

Since there was no change in the parent of the affiliated group during the pending tax years, no right of election accrued to petitioners because of the addition, in those years, of other companies to that group. *Export Leaf Tobacco Co.* v. *Commissioner*, 78 Fed. (2d) 163, affirming 31 B. T. A. 28; certiorari denied, 296 U. S. 627; *Huntington Beach, Inc.*, 30 B. T. A. 731.

The rule appears to be established beyond question that under the provisions of the Revenue Acts of 1924, 1926 and 1928 the right of election, to file a consolidated return, can only be exercised through the joint action of all of the companies affiliated. If one of the affiliated companies files a separate return, even though the others join in a consolidated return, the tax liability of all must be determined upon a separate basis. *Duke Power Co.* v. *Commissioner*, 44 Fed. (2d) 543; certiorari denied, 282 U. S. 903; *Dr. Pepper Bottling Co.* v. *Commissioner*, 69 Fed. (2d) 768; *Pictorial Review Co.* v. *Helvering*, 68 Fed. (2d) 766; *Safety Electric Products Co.* v. *Helvering*, 70 Fed. (2d) 439; *Export Leaf Tobacco Co.* v. *Commissioner*, *supra*.

It is not disputed that petitioners were affiliated during all of the years here involved and that for the years 1924, 1925, and 1926 some of them filed consolidated and others separate returns. It necessarily follows, that for those years, the action of respondent, in computing the tax liabilities of all the companies upon the basis of separate returns, was correct.

For the calendar years 1927 and 1928 the affiliated companies filed consolidated returns and the question, as to those years, is the correctness of respondent's action in refusing to accept returns on this

basis. Section 240 (a) of the Revenue Act of 1926 [2] granted affiliated corporations a new right of election as to the basis of the return for that year, but provides, as did the preceding revenue acts, that, if the return was made upon either a consolidated or separate basis, subsequent returns should be upon the same basis unless permission to change the basis be granted by the Commissioner. By article 632 of Regulations 69,[3] the Commissioner has prescribed the rules under which a change of basis may be granted.

In the present case it is shown that for 1927 and 1928 the corporations filed consolidated returns, whereas for 1926 the returns filed had not been upon a proper consolidated basis and, therefore, must be considered to have been upon a separate basis. *Export Leaf Tobacco Co.* v. *Commissioner, supra.* It again follows that the return filed for 1927 was upon a different basis from that of the 1926 return and that petitioners were not entitled to file upon the consolidated basis without permission of the Commissioner to make the change.

The record does not disclose permission, but shows refusal on the part of the Commissioner. In fact, it is indicated that permission to make a change was not asked until 1931, three years subsequent to the filing of the consolidated return for 1927. Under these conditions we find no error in the action of the Commissioner in refusing to accept the consolidated return and in computing the tax liabilities of the petitioners upon the basis of separate returns. Such action by him is not an arbitrary, capricious and unreasonable exercise of the discretion, reposed in him by the act, to grant or deny a change of basis for the filing of the returns. *Momsen-Dunnegan-Ryan Co.* v. *Helvering*, 68 Fed. (2d) 754.

Not only is this true, but the requests were not made until after the date for the filing of the returns, at which time petitioners' right to file upon a consolidated or separate basis became fixed by the con-

---

[2] Sec. 240. (a) Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

[3] Art. 632. *Consolidated returns.*—Affiliated corporations as defined in section 240 (d), irrespective of the basis upon which returns were filed prior to 1926 under section 240 (a) of the Revenue Acts of 1924 and 1926, may for 1926 elect to make separate returns or file a consolidated return in which will be reported the consolidated net income of the affiliated group. If return is made upon either of these bases, all subsequent returns must be made upon the same basis except as permission to change may be granted by the Commissioner. In applying for permission to change from one basis to the other there should be submitted a statement in the form of an affidavit executed by a person or persons qualified to sign the returns (see section 239) setting forth completely the reasons for making the request.

ditions then existing. If those conditions then lacked the statutory prerequisite for a legal consolidated return, the deficiency could not be supplied by a later request for permission to file such form of return, as the Commissioner was then without authority to change the fixed obligation to file a separate return, by approving the belated request. *Export Leaf Tobacco Co.* v. *Commissioner, supra; George Freese's Sons*, 18 B. T. A. 416; *Grant* v. *Rose*, 24 Fed. (2d) 115; *Deposit Trust & Savings Bank, Executor*, 11 B. T. A. 706. Cf. *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120.

Petitioners contend that there was no necessity on their part to request and be granted permission to file a consolidated return for 1927, as they had elected to and did file consolidated returns for 1926, or, at most, had not in that year elected to file upon either a consolidated or separate basis. But, the fact that five of the then affiliated groups filed separate returns for that year, legally characterized the returns of all the group as being upon that basis. (See authorities cited *supra*.)

It is argued that for that year, petitioners' intention was to file upon a consolidated basis and the fact that 11 of the affiliated companies were not included in the so-called consolidated return filed for the bank, the American Co. and the Indianapolis Joint Stock Land Bank, was due to mistake or inadvertence.

To this it is answered that petitioners have failed to sustain their burden in establishing any effective mistake of fact or inadvertence. Assuming such was legally possible, the only mistake disclosed here is not of the fact of affiliation, but ignorance of its legal consequences. That ignorance, of course, does not avoid those consequences. *Radiant Glass Co.* v. *Burnet*, 54 Fed. (2d) 718, affirming 16 B. T. A. 610; *George Freese's Sons, supra*.

The fact of affiliation admittedly existed, definitely and unclouded, during 1926, as well as the other years in dispute. Cf. *Dexter Sulphite Pulp & Paper Co.*, 23 B. T. A. 227; *Flambeau Public Service Co.*, 27 B. T. A. 299. Thus the law granted petitioners permission to file their returns on either basis for 1926. It is not the intent of the petitioners in filing their returns for 1926 which controls us here, but what returns were actually filed by them for that year. The record shows that they did not, in fact, file a consolidated return for 1926. As we have heretofore held, their actual returns for that year must all be considered as separate returns. Their right to file a consolidated return for 1927 is determined by the statute which precludes, in such case, the filing of a consolidated return unless permission is granted by the Commissioner. *Export Leaf Tobacco Co.* v. *Commissioner, supra*. As this Board said in that case: " It must be remembered we are considering here the question of the

existence of a statutory conditional right. Cf. *Huntington Beach, Inc., supra,* and petitioners, to enjoy its advantages, must bring themselves clearly within the specified conditions precedent to its grant. *Rock Island, A. & L. R. R. Co.* v. *United States,* 254 U. S. 141."

The petitioners here, to support their right to file a consolidated return for 1927, must show either the filing of a proper consolidated return for 1926 or permission granted by respondent to make the change to a consolidated basis. Neither one of these conditions is shown. The same reasoning and the same result apply to the return for 1928. We hold that petitioners were not entitled to file a consolidated return for 1927 and in such case section 142 (a) of the Revenue Act of 1928 [4] requires the return for the latter year to be on the 1927 basis in the absence of permission granted to make the change.

*Judgment will be entered under Rule 50.*

---

[4] SEC. 142. CONSOLIDATED RETURNS OF CORPORATIONS—TAXABLE YEAR 1928.

(a) *Consolidated returns permitted.*—Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner.